**FILED**

NOV 17 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

## United States District Court

| District |
|---|
| Eastern Dist. of California |

| Name | Prisoner No. | Case No. |
|---|---|---|
| Bradley Alan Dayley | 66437-097 | |

Place of Confinement

FCI Marianna
PO Box 7007
Marianna, FL 32447-7007

**2:14 - CV - 2691     DAD HC**

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Bradley Alan Dayley | v. | Warden, FCI Marianna; California State's Attorney General |

The Attorney General of the State of:

CALIFORNIA

## PETITION

1. Name and location of court which entered the judgment of conviction under attack

   Superior Court, County of Sacaramento, California

2. Date of judgment of conviction    September 23, 2011

3. Length of sentence   60 years and 8 months-to-life

4. Nature of offense involved (all counts)   Cal. Penal Code § 288.7(a); 288(a);

   261.5(c); and 288a(b)(1) (Sexual activity with a minor)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court    Court of Appeals, Third Appellate District

(b) Result    Affirmed

(c) Date of result and citation, if known    July 16, 2012

(d) Grounds raised    Improper jail booking fees

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court    California State Supreme Court

(2) Result    Certiorari denied

(3) Date of result and citation, if known    September 16, 2012

(4) Grounds raised    Improper jail booking fees

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court    None filed

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:
(a) (1) Name of court    Superior Court, Sacramento County, California

(2) Nature of proceeding    Habeas Corpus

(3) Grounds raised    Ineffective assistance of counsel

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result  Denied without a hearing

(6) Date of result  March 27, 2014

(b) As to any second petition, application or motion give the same information:

(1) Name of court  Court of Appeals, Third Circuit

(2) Nature of proceeding  Habeas Corpus

(3) Grounds raised  Ineffective assistance of counsel

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result  Summarily denied

(6) Date of result  May 15, 2014

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.    Yes ☐    No ☒☒
(2) Second petition,        Yes ☒    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
      CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Defense Counsel was ineffective when he failed to file the proper forms to initiate my state appeal.

Supporting FACTS (state *briefly* without citing cases or law) Defense Counsel did not file for a Certificate of Probable Cause in order to properly file my appeal. A Certificate of Probable Cause is required after a guilty plea, which happened in my case. This failure to request the Certificate made me forfeit my ability to appeal my plea, conviction, or my sentence. In effect, I had NO appeal.

B. Ground two: None

Supporting FACTS (state *briefly* without citing cases or law):

N/A

AO 241 (Rev. 5/85)

C.  Ground three:  None

Supporting FACTS (state *briefly* without citing cases or law):

N/A

D.  Ground four:  None

Supporting FACTS (state *briefly* without citing cases or law):

N/A

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

This ground was presented to every level in the state
courts.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  Scott Tedmon

980 Ninth St., 16th Floor , Sacramento

(b) At arraignment and plea  Same, initial plea only.  Plea negotiations
and guilty plea were Tedmon and Grow combined.

(6)

AO 241 (Rev. 5/85)

(c) At trial   No trial: Pleaded Guilty

(d) At sentencing   David Grow

Same as above

(e) On appeal   John Schuck

4083 Transport St. Suite B, Palo Alto

(f) In any post-conviction proceeding   None

(g) On appeal from any adverse ruling in a post-conviction proceeding   None

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

11/12/14
(date)

_____
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

---

State Criminal No. 09F07258

Federal Civil No.

---

BRADLEY ALAN DAYLEY,
Petitioner,

versus

CALIFORNIA STATE'S ATTORNEY GENERAL,
Respondent.

---

PETITIONER'S BRIEF IN SUPPORT OF
MOTION FOR RELIEF UNDER SECTION 2254
BY A PERSON IN CUSTODY

---

Bradley A. Dayley
Reg. No. 66437-097
FCI Marianna
Inmate Legal Mail
PO Box 7007
Marianna, FL 32447-7007

TABLE OF CONTENTS

| TOPIC | PAGE NO. |
|---|---|
| I. PRELIMINARY | 1-10 |
| A. Jurisdiction | 1-2 |
| B. Timeliness | 2-3 |
| C. Statement of the Proceedings | 3-5 |
| D. Statement of the Facts | 5-8 |
| E. Standard of Review | 8-10 |
| II. DISCUSSION | 10-23 |
| A. Mr. Dayley's Motion is Timely Under Section 2244(d)(1)(D) | 10-14 |
| B. Defense Counsel was Ineffective when he Failed to File the Appropriate Forms to Initiate Mr. Dayley's State Appeal | 15-22 |
| III. RELIEF REQUESTED | 23 |
| IV. VERIFICATION | 23 |

## INTRODUCTION

Mr. Dayley relied on his state defense counsel to file his direct appeal, and councsel eventually did so.  But counsel failed to file a Request for a Certificate of Probable Cause with the Notice of Appeal, which is required in California after a guilty plea.  This lack of a Certificate of Probable Cause tied appellate counsel's hands, since he couldn't appeal any aspect of Mr. Dayley's plea, conviction, or sentence.  Thus, an appeal was filed, but it only challenged a meaningless jail booking fee. The appeal had no impact on Mr. Dayley's life sentence.

The Ninth Circuit has said that counsel's failure to properly file for an appeal, specifically when counsel fails to request a Certificate of Probable Cause after a guilty plea, is ineffective assistance in itself, and prejudice results when the defendant forfeits the ability to appeal certain issues because of the lack of a Certificate of Probable Cause.

Mr. Dayley asks that this Court grant him relief and allow him to <u>properly</u> appeal his state conviction.

iii

I. PRELIMINARY

A. Jurisdiction

Mr. Dayley is challenging a state judgment that is set to commence after his federal sentence is complete. He is presently in federal custody.

A person in custody may challenge the judgment of a state court on the "ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a) (emphasis added). A prisoner in custody serving consecutive sentences is "in custody under any one of them and thus can challenge a sentence that he is scheduled to serve in the future." Wilson v. Belleque, 554 F.3d 816, 822 (CA9 2009); Rules Governing Section 2254, Rule 1(a)(2) (Scope of Section 2254 covers a person in custody facing future custody).

Mr. Dayley claims that his state judgment is in violation of the Constitution and laws of the United States. He claims that his defense counsel was ineffective, in violation of the Constitution, and that the state court's denial of his habeas claim was based on an unreasonable application of clearly established federal law. See § 2254(d)(1) (Section 2254 proper where state court's decision was contrary to, or was in violation of, clearly established federal law, as determined by the U.S. Supreme Court). Supreme Court holdings are "clearly established federal law." Murdaugh v. Ryan, 724 F.3d 1104, 1113 (CA9 2013).

A Section 2254 motion can be filed in either the district court where the prisoner is located, or in the district court

1

in the state where judgment was entered. Byrd v. Martin, 754
F.2d 963, 965 (CA11 1985). Mr. Dayley is filing this motion
in the court that has already decided this issue.

A petitioner must exhaust state court remedies before
filing a habeas in federal court. O'Sullivan v. Boerckel, 526
U.S. 838, 842 (1999). To exhaust, a petitioner must present
his claims to the state's highest court. Williams v. Stewart,
441 F.3d 1030, 1041 (CA9 2005). Mr. Dayley has presented his
claim in this action to every level of state court, including
the State's Supreme Court; therefore, he has exhausted his state
remedies. Exhaustion, however, is not jurisdictional. Harris
v. Superior Court, 500 F.2d 1124, 1126-1127 (CA9 1974) (en banc);
§ 2254(b)(2) (Court may review on merits without exhaustion).


B. Timeliness

Defense counsel improperly filed Mr. Dayley's Notice of
Appeal, and this forfeited his ability to appeal his guilty
plea, conviction, and sentence. Mr. Dayley, however, did not
discover this error, or "predicate fact," until October 2, 2013,
when his family went to the court clerk and purchased a copy
of the appellate court's decision. They had to purchase a copy
of the decision because appelate counsel never told Mr. Dayley
that an appeal brief had been filed, or that the appeal had
been decided. Mr. Dayley was notified by the court that
appellate counsel had been appointed, but not a word was said

2

about his appeal's proceedings after that notification by the
court or counsel.  Thus, he had no way of knowing that defense
counsel had not filed the proper paperwork to actually "initiate"
the appeal, to make it "operative."

Mr. Dayley's AEDPA clock started at the discovery of
counsel's error, when he received the appellate court's decision
from his family in October 2013.  And this clock was then
"tolled" while he filed his challenges in the state courts.

The issue of timeliness is discussed in greater detail
in part "A" of the "Discussion" section below.

C. Statement of the Proceedings

1. Mr. Dayley's State Criminal Proceedings

Mr. Dayley pleaded guilty on August 16, 2011, to 15 counts
of unlawful sexual activity with a minor, in violation of
California Penal Code Sections 288.7(a), 288(a), 261.5(c), and
288a(b)(1).  His plea was pursuant to a plea agreement, where
a stipulated sentence of 60 years, plus 8 months-to-life, was
provided.  Mr. Dayley maintained his right to fully challenge
his plea, conviction, and sentence, including by appeal; there
were no waivers in his plea agreement.

Mr. Dayley was sentenced to the 60 years, plus 8 months-
to-life, on September 23, 2011.  The court ordered Mr. Dayley's
sentence to run consecutive to his yet-to-be-imposed federal
sentence.

Immediately after his state sentencing, Mr. Dayley was transferred to federal custody to be sentenced in federal court. He has remained in federal custody since that sentencing.

Mr. Dayley did appeal his state sentence, and the state appellate court affirmed his conviction and sentence on July 16, 2012. Remittitur to the trial court occurred on October 24, 2012. The State Supreme Court denied Mr. Dayley permission to appeal in their court on September 16, 2012.

2. Mr. Dayley's State Trial Court Habeas

Mr. Dayley filed his original habeas corpus petition in his state sentencing court on January 9, 2014. He filed 8 grounds for relief, including the same claim he files with this instant motion. The court denied Mr. Dayley's petition, without input from the state, on March 27, 2014.

3. Mr. Dayley's State Appellate Court Habeas

Upon receipt of the trial court's denial of his habeas, Mr. Dayley filed a habeas in the appellate court. He raised 3 of the grounds he raised in his trial court habeas, including the same ground he files in this instant action. The appellate court denied his habeas without an opinion on May 15, 2014.

4. Mr. Dayley's State Supreme Court Habeas

After the appellate court denied his habeas, Mr. Dayley filed a habeas in the State's Supreme Court. He raised just

4

one ground, the same ground he raises in this instant action.
The Supreme Court denied his habeas without an opinion on
September 15, 2014.

No other actions have been filed in state or federal court
in this case.

D. Statement of Facts

Mr. Dayley had a spotless criminal record.  He had never
been arrested for anything in his life.  He had a family and
a stable, six-figure job.  That all ended when he was arrested
on September 23, 2009, for sexual activity with a minor, where
he video recorded himself with an underage female.  The state
considered each and every act in the video as a separate, unique
offense and charged him with 65 counts.  Also, federal
authorities charged Mr. Dayley with similar offenses.

After nearly 2 years of pretrial actions, Mr. Dayley
"agreed" to plead guilty to 15 of those charges, and to 60 years,
plus 8 months-to-life, in state prison.  Effectively a "life"
sentence.  This agreement came after Mr. Dayley's original
defense counsel abruptly quit during plea negotiations and a
new, court-appointed attorney stepped in.  Mr. Dayley didn't
want to plead to "life" in prison, but replacement counsel told
him it was his only option.  Mr. Dayley, being unfamiliar with
the criminal justice system, trusted counsel and took the plea.

Mr. Dayley was sentenced the next month to the stipulated

5

sentence.  When the court asked defense counsel to make a statement before sentencing, counsel said: "How do you defend the indefensible?  You don't."  Thereafter, the court sentenced Mr. Dayley to the 60-plus years.

Mr. Dayley reserved his right to challenge his plea, conviction, and sentence, including by appeal, in his plea agreement.  After sentencing, he specifically told counsel that he wanted to appeal.  Mr. Dayley's deadline to file a Notice of Appeal was 60 days after sentencing, which would have been November 23, 2011.  But as of November 21, counsel had yet to file the Notice, so Mr. Dayley filed a pro se Notice of Appeal on November 23, with a letter stating that counsel had failed to file his requested Notice of Appeal.  The court rejected Mr. Dayley's pro se Notice because it was physically received by the court after the deadline.  Mr. Dayley then contacted the Central California Appellate Program (CCAP) to assist him with his appeal.  CCAP sent defense counsel a letter notifying him that Mr. Dayley wanted to appeal and that counsel needed to file a Request for a Certificate of Probable Cause with the Notice of Appeal because Mr. Dayley's conviction and sentence were the result of a guilty plea.

The appellate court appointed counsel on January 10, 2012. Apparently, defense counsel did file a Notice of Appeal at some point.  Appellate counsel _never_ contacted Mr. Dayley, not even to notify him that an appeal brief had been filed.  He only knew that he had appellate counsel because the court told him

6

he did.   Meanwhile, Mr. Dayley was being shuttled between jails
and prisons on his way to his designated federal prison.

After what one could consider the "usual" time for an appeal
to be decided had passed, Mr. Dayley asked his family to look
into whether appellate counsel had ever filed the appeal brief.
His family went to the court clerk, where they were told not
only had the appeal brief been filed, the appeal had also been
decided and the case was final.   They purchased a copy of the
appeal brief and the court's decision and promptly mailed them
to Mr. Dayley at the federal prison.

The lone ground that appellate counsel had raised was
nothing more than a challenge to a simple booking fee, a
meaningless challenge, considering that Mr. Dayley was
effectively sentenced to "life" in prison.   Mr. Dayley looked
into why counsel raised only this ground, instead of other
valid issues he had, and found that appellate counsel was
restricted from raising any challenge to Mr. Dayley's plea,
conviction, or even his sentence, because defense counsel failed
to request a Certificate of Probable Cause with the Notice of
Appeal.   This failure caused the forfeiture of nearly any
viable challenge to Mr. Dayley's case, and frustrated appellate
counsel's ability to file a meaningful appeal.

Mr. Dayley immediately raised this issue, among others,
in a state habeas action in his sentencing court.   The judge
denied the claim, stating that Mr. Dayley could not show that
he had meritorious issues to appeal, and that he could not show

7

Case 2:14-cv-02691-MCE-DB   Document 1   Filed 11/17/14   Page 17 of 46

the trial court would have granted a Certificate of Probable
Cause. The judge also said that, had Mr. Dayley been able to
show these things, defense counsel's decision not to file for
a Certificate of Probable Cause was a "strategic" decision to
not challenge Mr. Dayley's plea, conviction, or sentence. But
defense counsel was not the counsel who would decide what issues
to raise on appeal; that was left up to appellate counsel.
Defense counsel needed only to initiate the appeal. Mr. Dayley
appealed this denial to the state's appellate and Supreme courts,
but was flatly denied without an opinion in each court.

E. Standard of Review

1. Pro Se Filing

Mr. Dayley is untrained in law and is filing this action
pro se, with help from an inmate law clerk. He therefore asks
that this Court grant him liberal latitude in its assessment
of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972)
(Pro se pleadings are held to less stringent standards than
an attorney's).

2. Ineffective Assistance of Counsel in Violation of the
Sixth Amendment to the United States Constitution

Mr. Dayley's claim in this action is based on defense
counsel's deficient performance, which was in violation of the
Sixth Amendment to the United States Constitution. To support
this claim, Mr. Dayley must show that there is a reasonable
probability counsel's errors might have affected the outcome.

8

Any higher standard is contrary to the Supreme Court's intentions.  Nix v. Whiteside, 475 U.S. 157, 175 (1986) ("A defendant need not establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under Strickland"); Harrington v. Richter, 131 S.Ct. 770, 792 (2011) ("The question is not whether a court can be certain counsel's performance had no effect on the outcome...instead, Strickland asks whether it is 'reasonably likely' that the result would have been different").

### 3. State Court's Unreasonable Application of Clearly Established Federal Law

Mr. Dayley asserts that the state court unreasonably applied clearly established federal law, as determined by the Supreme Court.  Mr. Dayley's claim is that defense counsel failed to properly "initiate" an appeal.  The Supreme Court held in Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), that counsel must "initiate an appeal" by filing "the necessary notice," and that failure to do so "cannot be considered a strategic decision." Id.  Defense counsel failed to file the "necessary notice" when he didn't request a Certificate of Probable Cause, which was required to  properly appeal after a guilty plea.  The state court denied Mr. Dayley's claim on the basis that it was a strategic decision by counsel not to challenge Mr. Dayley's plea, conviction, or sentence.  Flores-Ortega said otherwise, and the court unreasonably, or erroneously applied the Supreme

9

Court's holding, which is "clearly established federal law." Williams v. Taylor, 529 U.S. 362, 412 (2000) (Supreme Court holdings are federal law).

II. DISCUSSION

A. Mr. Dayley's Motion is Timely Under Section 2244(d)(1)(D)

Mr. Dayley did not discover the "predicate fact" for his claim until he received his appeal papers from his family in October of 2013. This discovery starts the AEDPA clock under Section 2244(d)(1)(D).

1. Initiating the Appeal

Mr. Dayley was transferred to various facilities, after he was sentenced in state court, so that he could also be sentenced in federal court. This was when Mr. Dayley's defense counsel was supposed to have filed the appeal notice, and when he was appointed appellate counsel. Mr. Dayley had to trust that these counsels would do their job and file the correct papers for his appeal. When he was notified that he was appointed appellate counsel, he assumed that appellate counsel would notify him when the appeal brief was filed. And he also assumed that defense counsel would properly initiate the appeal. Neither happened.

Appeals can take a while, especially when appellate counsel is faced with 65 counts, related state and federal charges, and 2 years of pretrial actions. So, when Mr. Dayley didn't hear anything from appellate counsel, he wasn't worried. As

10

judge Newman said: "State court appeals can take significant
time." Jackson v. Fletcher, 2013 U.S. Dist. Lexis 35702
(E.D. Calif. March 14, 2013).  And they usually do.

    2. Discovery of the Appeal Decision

    Mr. Dayley was surprised when his mother told him that
his appeal had not only been filed, but had also been decided.
He was even more surprised when he got the appellant's brief
in the mail and saw that appellate counsel didn't challenge
one thing about his plea, conviction, or sentence; he only
challenged a meaningless booking fee for the county jail.

    Mr. Dayley immediately sought help from the federal
prison's inmate law clerk, who advised him to look into what
challenges were available in state court.  (The federal prison
does not and will not provide state legal resources.  See
Exhibit A, prison's law library policy).  Mr. Dayley learned
that he could file a habeas corpus and he did so after the state
court sent him the forms.  Mr. Dayley's family obtained the
services of a legal service, which explained that defense counsel
was supposed to request a Certificate of Probable Cause in order
to be able to appeal Mr. Dayley's plea, conviction, and sentence,
which is required by law to initiate an appeal in California
after a guilty plea.  Mr. Dayley filed the claim that defense
counsel was ineffective for failing to file the request for
the Certificate of Probable Cause to allow a proper, full appeal.
As stated above, this claim was denied.

4. Calculating Mr. Dayley's Time

Mr. Dayley has acted with diligence and has not delayed his attempts to raise his claim. He could not have known that defense counsel failed to file the correct, required papers to initiate his state appeal. It is not Mr. Dayley's responsibility to babysit his lawyer to make sure he does this; it is defense counsel's "duty" to file the proper forms to initiate the appeal, so the Supreme Court says in Flores-Ortega. Once Mr. Dayley found out that his appeal was improperly initiated, he wasted no time researching the issue and promptly filing his habeas in state court.

The AEDPA clock under Section 2244(d)(1)(D) would have started in October of 2013, when Mr. Dayley's family got a hold of the appeal decision from the clerk. Before this time, Mr. Dayley assumed, and had to assume, that counsel had done his duty. He had no reason to think otherwise.

Mr. Dayley's state habeas proceedings began in January of 2014, and ended that September. It has been a little over a year since the discovery of the predicate fact supporting Mr. Dayley's claim, and with 8 months tolled during the state habeas proceedings, this Section 2254 motion is timely if it is filed before June 2015. But there's no reason to wait this long. Mr. Dayley simply wants to properly appeal his state judgment, including his plea, conviction, and sentence.

12

5. Due Diligence

The "due diligence" clock starts when the petitioner "could discover the vital facts" for the claim. <u>Ford v. Gonzalez</u>, 683 F.3d 1230, 1235 (CA9 2012). A petitioner need not show some obstacle made the facts undiscoverable; rather he need only establish that a <u>reasonable</u> investigation would have uncovered the facts warranting equitable tolling. <u>Souliotes v. Evans</u>, 622 F.3d 1173, 1178 (CA9 2010). Mr. Dayley waiting to allow appellate counsel to prepare and file the appeal, and then allowing the court to make its decision, was surely reasonable considering that appeals can easily take "significant time."

"Section 2244(d)(1)(D) does not demand the maximum diligence possible, but only 'due' or 'reasonable' diligence." <u>Id.</u> (citing <u>Wims v. United States</u>, 225 F.3d 186, 190, fn 4 (CA2 2000) ("Due diligence...does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts"). Mr. Dayley cannot be responsible to hound appellate counsel about his appeal. He assumed counsel was working on it and that he would be notified when it was ready to be filed, or at least decided. But he wasn't, so he found out for himself.

Moreover, the federal prison does not have state legal resources. There was no way Mr. Dayley could have looked up his appeal without outside help. And when a state prisoner transfers to a federal prison, they cannot bring any property,

including paperwork. Thus, Mr. Dayley did not have the notice from the state appellate clerk notifying him who his appointed appellate counsel was. Mr. Dayley was totally dependent on appellate counsel, and ultimately his family, to figure out what was going on with his state appeal. And counsel has yet to be heard from, to this day.

The "due diligence inquiry should take into account that prisoners are limited by their physical confinement." Souliotes, 622 F.3d at 1178. And Section "2244(d)(1)(D)'s due diligence requirement is an objective standard that considers the petitioner's specific situation." Id. For example, equitable tolling was warranted when court documents were late reaching a petitioner in Reygosa v. Beard, 2014 U.S. Dist. Lexis 7322 (S.D. Calif. January 21, 2014). The court said that it could "conceive of the situation" where court documents are late to get to a prisoner: "Such is just the reality of our prison system." Id. What if counsel entirely fails to communicate with his client from day one, as in Mr. Dayley's case?

It was reasonable for Mr. Dayley to wait on his lawyer to inform him of his pending appeal. And when Mr. Dayley compared his wait to other inmates waiting on appeals, some for even longer than himself, he had no reason to suspect anything was wrong. There was no negligence on Mr. Dayley's part.

14

B. Defense Counsel was Ineffective when he Failed to File the
   Appropriate Forms to Initiate Mr. Dayley's State Appeal

   1. The Appeal

   Mr. Dayley wanted to appeal, and he made counsel aware
of this.  And Mr. Dayley did not waive any of his rights to
challenge his state case, including by appeal.  Despite this,
counsel never contacted Mr. Dayley about an appeal after
sentencing.  Mr. Dayley left counsel "at least 30 messages,"
but defense counsel never responded.  Mr. Dayley finally filed
his pro se Notice of Appeal hoping to save his right to appeal.
As stated above, this was rejected.  (See Exhibit B, Dayley's
pro se Notice of Appeal, letter to the clerk, and court's denial
of his Notice).  Mr. Dayley then turned to the CCAP to salvage
his chance to appeal.  The CCAP responded by sending a letter
to defense counsel, and copied the same to Mr. Dayley.

   CCAP's letter to defense counsel specifically told him
that he needed to file a Request for a Certificate of Probable
Cause in order to appeal Mr. Dayley's case because it was the
result of a guilty plea:

> We are writing to alert you that your client
> is asking for assistance in filing an
> appeal...because this will be an appeal from
> a guilty plea, you may find an article on
> our website discussing Certificates of
> Probable Cause helpful.

(See Exhibit C, CCAP's letter to counsel).

   Defense counsel knew he had to request a Certificate of
Probable Cause in order for Mr. Dayley to properly appeal his
plea, conviction, and sentence.

2. Failure to Request a Certificate of Probable Cause

Because defense counsel failed to request the necessary Certificate of Probable Cause, appellate counsel could not challenge Mr. Dayley's plea, conviction, or sentence.  Appellate counsel's hands were tied by the lack of the Certificate of Probable Cause.

"A defendant who instructs counsel to <u>initiate an appeal</u> reasonably relies upon counsel to file the <u>necessary notice</u>." <u>Flores-Ortega</u>, 528 U.S. at 477 (emphasis added).  This "necessary notice" in California state court includes the Request for a Certificate of Probable Cause when the conviction and sentence are the result of a guilty plea.  <u>People v. Mendez</u>, 19 Cal. 4th 1084, 1088-1089 (1999) ("All direct appeals from a guilty plea require a timely request for a Certificate of Probable Cause").  This Circuit has said that counsel has a "duty" to file for a Certificate of Probable Cause following a guilty plea in California, and that counsel's performance is "deficient" when he fails to do so.  <u>Silva v. Myers</u>, 1993 U.S. App. Lexis 8263 (CA9 1993) (unpublished) (citing <u>Strickland</u>, 466 U.S. at 687).

Defense counsel's failure to file the necessary Request for a Certificate of Probable Cause was deficient performance. This Circuit has said that this is also "per se prejudice" because it forfeits the defendant's ability to appeal issues. (See discussion below).

16

3. The State's Denial of Mr. Dayley's Habeas

Mr. Dayley raised this issue in his habeas filed in his state sentencing court.  The judge dismissed this claim, stating that Mr. Dayley failed to show that he "directed" counsel to request the Certificate of Probable Cause, and that he also had not shown that the court would have granted the Certificate of Probable Cause, if counsel had requested one.

First, the California Supreme Court has stated that "defendants do not have the burden of preparing the [Certificate of Probable Cause] request." People v. Ribero, 4 Cal. 3d 55, 65 (1971).  It was not Mr. Dayley's responsibility to "direct" defense counsel to perform his "duty" to initiate the appeal by filing a Request for a Certificate of Probable Cause.  Silva, supra.  The U.S. Supreme Court held that it is actually counsel's "duty" to properly "initiate" an appeal when requested to do so by the defendant.  Flores-Ortega, 528 U.S. at 477.

Second, the courts "routinely" grant Certificates of Probable Cause, so it is likely counsel would have received one.  People v. Warburton, 7 Cal. App. 3d 815, 820, fn 2 (1970); In Re Chavez, 30 Cal. 4th 643 (2003) (A court issues a Certificate of Probable Cause upon request, unless the grounds are frivolous).  In fact, a court abuses its discretion if it denies a request for a Certificate of Probable Cause for non-frivolous claims.  Lara v. Superior Court, 133 Cal. App. 3d 436, 440 (1982).

17

It was likely the court would have granted a Certificate of Probable Cause, had defense counsel requested one.

Moreover, the state court's requirement that Mr. Dayley show the Certificate of Probable Cause would have been granted is contrary to the Supreme Court's opinion that habeas petitioners need <u>not</u> show their grounds for appeal have merit, because it places a "heavy burden" on that pro se petitioner. Peguero v. United States, 526 U.S. 23, 30 (1999).  It was defense counsel's job to show this in order to initiate Mr. Dayley's appeal.

4. Mr. Dayley had Meritorious Issues to Appeal

Nevertheless, Mr. Dayley asserts that he likely had meritorious issues to raise on appeal.  For example, defense counsel, at Mr. Dayley's sentencing, was asked if he wanted to make a statement.  He replied: "How do you defend the indefensible?  You don't."  And this was the "advocate" Mr. Dayley had on his behalf in court.

Actually, Mr. Dayley had competent assistance early in his case.  But when that counsel couldn't convince Mr. Dayley to plead guilty to life in prison, the state sent an email to that counsel: "If Mr. Dayley will not accept our life offer (even if he gets fed time first), please move to be relieved on Tuesday, so a new attorney can get involved."  (See Exhibit D, state's email to original defense counsel).  Thereafter, replacement defense counsel simply did what the state told him

18

to do. Basically, Mr. Dayley had no defense counsel to assist him.

Mr. Dayley likely had valid issues for an appeal, but was frustrated from raising them because defense counsel failed to request the Certificate of Probable Cause. This Circuit has said that state counsel's failure to seek a certificate of Probable Cause to appeal after a guilty plea was ineffective assistance because the defendant was "deprived of the opportunity to appeal...issue[s] on direct appeal in state court." Briseno v. Woodford, 413 Fed. Appx. 2, 4 (CA9 2010) (unpublished).

5. The Ninth Circuit has Already Decided This Issue

This Circuit has already decided Mr. Dayley's claim, and held that counsel's failure to request a Certificate of Probable Cause after a guilty plea was the same as if no Notice of Appeal had been filed.

In Jones v. Henry, 460 Fed. Appx. 717 (CA9 2011) (unpublished), the Court affirmed the district court's (E.D. Calif.) grant of relief to a Section 2254 petitioner who claimed exactly what Mr. Dayley is claiming. In Jones, the Court rejected the state's argument that counsel was not ineffective because he did file a Notice of Appeal, and the Certificate of Probable Cause is not needed to file an appeal. But the Court said:

19

> Under § 1237.5, a defendant who pleads either
> guilty or no contest in the trial court must
> <u>initiate</u> an appeal by filing a statement of
> reasonable grounds for appeal with the trial
> court, to make the appeal <u>operative</u>, the
> trial court then issues a Certificate of
> Probable Cause for appeal unless the
> defendant's appeal is wholly frivolous.

<u>Id.</u> at 721.

The Court also said that the difference between a Notice
of Appeal and a Request for a Certificate of Probable Cause
is a "meaningless distinction", since both are needed to
properly "initiate" an appeal following a guilty plea.   <u>Id.</u>
And that "no fairminded jurist would draw a distinction between
a Statement of Reasonable Grounds and a Notice of Appeal."
<u>Id.</u> (Note: "Statement of Reasonable Grounds" and "Certificate
of Probable Cause" are used interchangeably).

The Court further said that where counsel's failure to
properly file the appeal, i.e., failing to request a Certificate
of Probable Cause, "actually causes the forfeiture of defendant's
appeal," this is also <u>per se prejudice</u>."   <u>Id.</u> (emphasis added).

Judge Rawlinson, concurring in <u>Jones</u>, added that "counsel's
failure to perfect the appeal was a sufficiently egregious
dereliction to warrant equitable tolling."   <u>Id.</u> at 722 (citing
<u>Holland v. Florida</u>, 130 S.Ct. 2549, 2562 (2010); <u>Spitsyn v.
Moore</u>, 345 F.3d 796, 801 (CA9 2003).

Ms. Jones was granted relief and allowed to properly appeal
in state court, where she was granted a Certificate of Probable
Cause to pursue her appeal.   <u>Id.</u>

20

Jones v. Henry, evolved from the Sacramento County Criminal Court, the same court that sentenced Mr. Dayley, and the same court that denied Mr. Dayley's habeas asserting the very same claim.

Also note that Ms. Jones filed her state habeas petition 1 year and 9 months after her state judgment was final, or 9 months beyond AEDPA's one-year limit. See Jones v. Henry, 2008 U.S. Dist. Lexis 99174 (E.D. Calif. November 24, 2008) (Magistrate Judge's R&R) (Adopted at 2009 U.S. Dist. Lexis 7478 (January 22, 2014)). This is why Judge Rawlinson mentioned equitable tolling (above).

This Court said, when it granted Ms. Jones relief, that prejudice is shown when the defendant forfeits the ability to appeal certain issues when counsel fails to request a Certificate of Probable Cause. Mr. Dayley's appeal was clearly limited by the lack of the Certificate of Probable Cause in that appellate counsel was restricted to challenge only a simple jail booking fee. No challenge to Mr. Dayley's plea, conviction, or sentence was possible.

This is prejudice.

Relief was also granted for the same claim in Goliath v. Cate, 2013 U.S. Dist. Lexis 83473 (C.D. Calif. June 6, 2013) (Magistrate Judge's R&R) (Adopted at 2013 U.S. Dist. Lexis 83503 (June 11, 2013)). Again, the state argued that the petitioner

could not show that he would have prevailed on appeal, and again the federal court rejected that argument, stating that the petitioner doesn't need to show this.  Id.

Mr. Dayley is in the same boat as Ms. Jones and Mr. Goliath. Thus, he asks that this Court grant him the same relief and give him the chance to properly appeal his state conviction and sentence.

22

III. RELIEF REQUESTED

Mr. Dayley asks that this Honorable Court grant him relief
to allow him to properly appeal his state conviction and sentence.

IV. VERIFICATION

I verify, under the penalty of perjury pursuant to 28 U.S.C.
Section 1746, that the above facts are true and correct.

Respectfully submitted,

11/12/14

Date

Bradley A. Dayley
Pro Se Petitioner

Bradley A. Dayley
Reg. No. 66437-097
FCI Marianna
Inmate Legal Mail
PO Box 7007
Marianna, FL 32447-7007

23

# EXHIBIT A

**U.S. DEPARTMENT OF JUSTICE**                                     **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Ms. R. Thompson, Law Library Supervisor | April 10, 2014 |
| FROM: | REGISTER NO.: |
| Bradley A. Dayley | 66437-097 |
| WORK ASSIGNMENT: | UNIT: |
| Land Maintenance PM | Creek A 217 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

 Ms. Thompson,

 Please tell me where within the Bureau of Prisons I can obtain California State

 legal resources to properly file an action attacking my state conviction.  If

 these resources are unavailable, please tell me how I could obtain them.


 Thank you, Brad Dayley



 Note: I have researched the Electronic Law Library (ELL) and only federal legal

 resources are available; there are NO STATE resources whatsoever.


(Do not write below this line)

DISPOSITION:

    In response to your Inmate Request to Staff:

    The Electronic Law Library contains all legal/law information that the Bureau of Prisons provides to
    inmates, with the exception of the Black's Law Dictionary, which we have available in the Law Library.
    The B.O.P. does not provide individual state case law to inmates.  Staff does not have access to such
    state law and cannot provide it for inmates.  It would be my suggestion for you to write the state courts
    and request the information you need for your legal work.  Furthermore, in Program Statement 1315.07,
    page 2, it states that "The Bureau is not mandated to provide state case law and other state legal
    materials."  I am confident this addresses your concerns.

| Signature Staff Member | Date |
|---|---|
| R. Thompson | 4/11·14 |

Record Copy - File; Copy - Inmate              This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)           and BP-S148.070 APR 94

PRINTED ON RECYCLED PAPER

# EXHIBIT B

CR-120

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>BRADLEY ALAN [illegible]<br>8672 LITTLE [illegible] ST<br>ELK GROVE, CA. 95624<br>TELEPHONE NO.: (916) 685 70[illegible]   FAX NO.:<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY<br><br>RECEIVED<br><br>NOV 28 2011<br><br>By MARGRET SALMON<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO

PEOPLE OF THE STATE OF CALIFORNIA

vs.

DEFENDANT:  BRADLEY DA[illegible]     [illegible]

Date of birth: 02/14/71 Cal. Dept. of Corrections and Rehabilitation No. (if any): #[illegible]

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
(Pen. Code, §§ 1237, 1237.5, 1538.5(m); Cal. Rules of Court, rule 8.304)

CASE NUMBER(S):  09F07258

---

## NOTICE

- **You must file this form in the SUPERIOR COURT WITHIN 60 DAYS** after the court rendered the judgment or made the order you are appealing.
- **IMPORTANT:** If your appeal challenges the validity of a guilty plea, a no-contest plea, or an admission of a probation violation, you must also complete the Request for Certificate of Probable Cause on page 2 of this form. (Pen. Code, § 1237.5.)

1. Defendant appeals from a judgment rendered or an order made by the superior court.

   **NAME** of defendant:  BRADLEY DAYLEY

   **DATE** of the order or judgment:  9/23/2011

2. Complete *either* item a. *or* item b. Do not complete both.

   a. **If this appeal is after entry of a plea of guilty or no contest or an admission of a probation violation, check all that apply:**

   (1) ☑ This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)

   (2) ☐ This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

   (3) ☐ This appeal challenges the validity of the plea or admission. *(You must complete the Request for Certificate of Probable Cause on page 2 of this form and submit it to the court for its signature.)*

   (4) ☐ Other basis for this appeal *(you must complete the Request for Certificate of Probable Cause on page 2 of this form and submit it to the court for its signature) (specify):*

   b. **For all other appeals, check one:**

   (1) ☐ This appeal is after a jury or court trial. (Pen. Code, § 1237(a).)

   (2) ☐ This appeal is after a contested violation of probation. (Pen. Code, § 1237(b).)

   (3) ☐ Other *(specify):*

3. ☑ Defendant requests that the court appoint an attorney for this appeal. Defendant ☑ was ☐ was not represented by an appointed attorney in the superior court.

4. Defendant's mailing address is: ☑ same as in attorney box above.
   ☐ as follows:

Date:

11/21/11  BRAD DAYLEY                    ► [signature]
(TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CR-120 [Rev. January 1, 2010]

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
**(Criminal)**

Penal Code, §§ 1237, 1538.5(m);
Cal. Rules of Court, rule 8.304
www.courtinfo.ca.gov

To WHom IT MAY CONCERN—                                    11·21·11

   I, BRADLEY DAYLEY (CASE #09F07258), HAVE ASKED
MY ATTORNEY DAVID GROW TO PLEASE FILE A NOTICE
OF APPEAL ON MY BEHALF EVER SINCE THE DATE I
WAS SENTENCED ON 09/23/11. MY PARENTS & I HAVE
LEFT HIM AT LEAST 30 MESSAGES SINCE THEN TO
PLEASE DO SO, BUT AS OF TODAY, 11·21·11, IT HAS YE
TO BE DONE ON MY BEHALF. SINCE MY DEADLINE TO
FILE IS TOMORROW, 11·22·11, I AM NOW FORCED TO
SUBMIT THIS NOTICE OF APPEAL MYSELF. IN DOIN
SO, I ASK THAT ALL CORRESPONDENCE PLEASE BE
SENT TO MY MOTHER'S ADDRESS GIVEN BELOW, AS I DO
NOT WANT ANYTHING TO GO TO MY ATTORNEY'S ADDRESS
GOING FORWARD (FOR OBVIOUS REASONS), EVEN IF HE DOES
END UP FILING A NOTICE OF APPEAL ON MY BEHALF
AT THE LAST MINUTE. THANK YOU SO MUCH FOR YOUR
ATTENTION TO THIS MATTER.        REGARDS,
                                  BRAD DAYLEY

ADDRESS TO SEND CORRESPONDENCE:
  BRAD DAYLEY
   c/o SCHARLENE WHITLOCK (mom)        MY INFO (ONLY TEMPORARY)
    8672 LITTLE WOOD CT E.               BRADLEY DAYLEY
    ELK GROVE, CA. 95624                 X-2182863, 3E #23?
    (916) 685-7090                       SACRAMENTO COUNTY JA
                                         651 I ST.
                                         SACRAMENTO, CA 95





**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street ~ Room 101**
**Sacramento, CA  95814-1380**
**(916) 874-5403—Website www.saccourt.ca.gov**

December 2, 2011

Mr. Bradley Dayley                           Mr. Bradley Dayley
Sacramento County Jail                       c/o Scharlene Wheeler
x-2182863, 3E #230                           8672 Little Wood Circle
651 I Street                                 Elk Grove, CA 95624
Sacramento, CA 95814

RE:   THE PEOPLE OF THE STATE OF CALIFORNIA VS. BRADLEY ALAN
      DAYLEY
NO.   09F07258

Dear Mr. Bradley Dayley:

This is to acknowledge receipt of your Notice of Appeal in the above entitled action. The
Notice of Appeal was received after the expiration of the 60-day period prescribed for filing
such notice under rule 8.308(a) of the California Rules of Court.

Our records disclose that the judgment or the order from which you appealed was
pronounced on 9/23/11.  Your Notice of Appeal was received in this office on 11/28/11.
The Notice of Appeal has been marked "RECEIVED BUT NOT FILED" as the period for
filing has lapsed.

If you need further assistance, I suggest you contact an attorney or the Central California
Appellate Program at 2407 J Street, Suite 301, Sacramento, CA 95816.  Their number is
(916) 441-3792.

Very truly yours,

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

BY:   Margret Salmon
      Deputy Clerk

cc: Central California Appellate Program

---

CV\E-SU-17 (Rev 01.01.2007)

# EXHIBIT C

# Central California Appellate Program

2407 J Street, Suite 301 • Sacramento, CA 95816                    (916) 441-3792

November 18, 2011

David Grow
Attorney at Law
901 H Street
Suite 400A
Sacramento CA 95814

FAX   916 492 1707

Re:   People v. Dayley
      Sacramento County 09F07258
      CCAP ITN062446

We are writing because this office assists indigent appellants in the Third and Fifth District
Courts of Appeal and we routinely receive letters from defendants asking assistance in filing a
notice of appeal.  Because only trial counsel or the defendant can file a notice of appeal (Cal.
Rules of Ct., rule 8.304(a)(3)), we are writing to alert you that your client is asking for assistance
in filing an appeal. By filing a notice of appeal in this case you will be assisting your client in
accord with the provisions of Penal Code section 1240.1 **[Indigent appeals; Duty of trial
counsel; Effect of failure to perfect appeal rights]**.  There is an interactive notice of appeal on
the web at http://www.courts.ca.gov/documents/cr120.pdf.  If you check box 3 to indicate that
defendant is requesting appointment of counsel for the appeal, the Court of Appeal will not
consider you the attorney for the appeal. Because this will be an appeal from a guilty plea, you
may find an article on our website discussing certificates of probable cause helpful in deciding
whether a request is appropriate.  You'll find the article at
http://www.capcentral.org/criminal/articles/guilty_plea/docs/cpc.pdf.  In an appeal from a guilty
plea, it's also a good  idea to check the box indicating there are sentencing issues.  That way, if a
certificate is requested and denied, the appeal can go forward as to sentencing issues.

We have responded to your client with the suggestion that he or she get in touch with you
immediately and ask for assistance. We are notifying you separately because time is short.

Do not hesitate to call if you have questions.


E. Katherine Dashiell
Staff Attorney

CC:   Bradley Alan Dayley, 3 East, Pod 2, Cell 30A, 651 I Street (County Jail), Sacramento CA
      95814

# EXHIBIT D

*This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

--- On **Sun, 4/3/11, Newton. Casey (DA) <*NewtonC@sacda.org*>** wrote:

From: Newton. Casey (DA) <NewtonC@sacda.org>
Subject: RE: Bradley Dayley
To: "Scott Tedmon" <tedmonlaw@att.net>
Date: Sunday, April 3, 2011, 7:17 PM

Good afternoon Scott,

A few things,

First, sorry for the delayed response. I was dealing with sick family this week & wasn't in the office.

As for Mr. Dayley, I know you aren't ready for trial & I did not expect you to be, because it's my office that is dragging feet. I still don't have an answer for you re: state v. federal custody because my bureau chief (3 up from me) is still making the decision.

However, I know the only way we would accept federal time first is if he pleads to life in our case. We are not offering 26 years & will not.

While I appreciate your acknowledgement of my 15 minutes of fame in the Gilles case, his case & Mr. Dayley's case are very different & the offers to both are appropriate.

I agree we need to continue Dayley's case to finalize these issues. I would request the following:  If Mr. Dayley will not accept our life offer (even if he gets fed time first), please move to be relieved from the case on Tuesday, so a new attorney can get involved. We will put the case far enough out to give the new attorney time to review the file.

If Mr. Dayley would accept our life offer if he gets federal time first, let's just continue for a short period to get the answer, then proceed to settle the case if possible.

I appreciate your efforts in this case.

Casey

**From:** Scott Tedmon [mailto:tedmonlaw@att.net]
**Sent:** Fri 4/1/2011 1:38 PM
**To:** Newton. Casey (DA)
**Subject:** Bradley Dayley

Hi Casey,


I sent you an email on Monday inquiring as to the status of Mr. Dayley case, but have not heard back.  Given that we are in court for TRC next Tuesday, April 5th, I am providing you this update.

## Scott Tedmon

| | |
|---|---|
| **From:** | Scott Tedmon <tedmonlaw@att.net> |
| **Sent:** | Monday, April 04, 2011 12:19 PM |
| **To:** | 'Newton. Casey (DA)' |
| **Subject:** | RE: Bradley Dayley |
| **Importance:** | High |

Hi Casey,

Thanks for retrieving Mr. Dayley's glasses. I will get those from you tomorrow and can hopefully give those to him in court. As to the case itself, I met with Mr. Dayley this morning and relayed your position on the state case. After fully discussing the matter, Mr. Dayley advised me that he will not accept a life offer. Given his position, and consistent with our prior emails, I advised Mr. Dayley that I will move to be relieved and will request that new counsel be appointed at tomorrow's appearance. Mr. Dayley is agreeable with that approach. In order to effectuate a timely transition, I will bring the discovery and other appropriate documents with me to court for immediate transmittal to Mr. Dayley's new counsel.

Finally, although we were unable to resolve this case, I appreciate your courtesies throughout my representation of Mr. Dayley. If you need to discuss anything prior to tomorrow's court appearance, please contact me.

Thanks,
Scott

Law Offices of Scott L. Tedmon
A Professional Corporation
1050 Fulton Avenue, Suite 218
Sacramento, CA 95825
916.482.4545 (Office)
916.482.4550 (Facsimile)
916.806.1164 (Cell)
tedmonlaw@comcast.net (Email)

*This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Newton. Casey (DA) [mailto:NewtonC@sacda.org]
**Sent:** Monday, April 04, 2011 8:55 AM
**To:** Scott Tedmon
**Subject:** RE: Bradley Dayley

Thanks Scott.

Mr. Dayley's glasses arrived today – I will bring them to court tomorrow.

1

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

AFFIDAVIT OF SCHARLENE WHEELER

I, Scharlene Wheeler, the affiant, affirm that the following facts are true.

1. I am Bradley Dayley's Mother.

2. I, as well as Brad's Father, Lowell Dayley. Were asked by Brad to find out what was going on with his appeal in state court around the beginning of Septemper 2013.

3. We attempted to contact David Grow, Brad's lawyer, but he told us he would only reply to Brad's requests. Mr. Grow would not tell us anything about the appeal or it's status.

4. Lowell then went to the County Clerk's office to get copies of the appeal papers to send to Brad. The clerk said the files were "checked out" by the courts and were unavailable.

5. About 2 weeks later, we made 2 or 3 more trips to the Clerk's office and were told we should order the papers from Anita Kuns, the court reporter. We did this around September 17, 2013.

6. We received those papers around November 4, 2013, and mailed them to Brad.

7. This was the first time any of us, including Brad, had seen that the appeal had been filed, and that the appeal had been decided.

**See Attached**
Notarial Certificate

_Scharlene Wheeler_

Scharlene Wheeler, Affiant

10-27-2014

Date

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Sacramento

On _October 27, 2014_ , before me, Greg Higley, Notary Public
   Date

personally appeared _Scharlene Wheeler_
                                    Name(s) of Signer(s)

GREG HIGLEY
COMM. # 1988038
NOTARY PUBLIC·CALIFORNIA
SACREMENTO COUNTY
· My Commission Expires
September 12. 2016

Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary Public

Place Notary Seal Above

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: _Affidavit of Scharlene Wheeler_

Document Date: _October 27, 2014_    Number of Pages: _1_

Signer(s) Other Than Named Above: _None_

**Capacity(ies) Claimed by Signer**
Signer's Name: _____

- [ ] Individual
- [ ] Corporate Officer – Title(s): _____
- [ ] Partner -  [ ] Limited  [ ] General
- [ ] Attorney in Fact
- [ ] Trustee
- [ ] Guardian or Conservator
- [ ] Other: _____

Signer is Representing: _____

RIGHT THUMBPRINT OF SIGNER

Top of thumb here