

**FILED**

MAR 26 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO

BRADLEY A. DAYLEY,
Petitioner,

versus

Civil No. 2:14-CV-02691
England/Drozd

UNITED STATES OF AMERICA,
Respondent.

PETITIONER'S OPPOSITION TO
GOVERNMENT'S MOTION TO DISMISS

Bradley A. Dayley filed his pro se motion under section 2254, and the State has asked this Court to dismiss his motion as untimely under section 2244(d)(1)(A). This motion is Mr. Dayley's OPPOSITION to the State's Motion to Dismiss.

Mr. Dayley clearly argued and provided evidence that his motion was timely under section 2244(d)(1)(D), because the AEDPA clock was triggered when he discovered the fact underlying his single claim: that his trial counsel was ineffective for failing to properly file his direct appeal, causing him to lose his ability to appeal his conviction. Mr. Dayley discussed at length that his motion was timely filed under section 2244(d)(1)(D) in his Brief in Support of his motion, **which span**ned at least 5 pages. In fact, in the first sentence he stated: "Mr. Dayley's motion is timely under section 2244(d)(1)(D)," and pointed to specific facts to support this. (See Brief in Support, pp.

10-15 (pp. 10 & 12 are attached to this filing as an example)). The State, however, never addressed timeliness under section 2244(d)(1)(D); instead, the State simply said Mr. Dayley's motion was untimely under section 2244(d)(1)(A).

Mr. Dayley maintains that his motion is indeed timely under section 2244(d)(1)(D), and that section 2244(D)(1)(A) is not the only provision for timeliness under the AEDPA.

This Court has said that there are 4 events that trigger the AEDPA clock, the fourth one being "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Mendoza v. Cate, 2011 U.S. Dist. Lexis 95870 (E.D. Cal. Aug. 26, 2011) (citing section 2244(d)(1)). And that the AEDPA clock "begins to run" under this fourth provision. Id. From the beginning, Mr. Dayley has invoked this fourth provision under section 2244(d)(1)(D) as the event that triggered the AEDPA clock for his motion. This Court rejected the State's Motion to Dismiss Mr. Mendoza's motion as untimely under section 2244(d)(1)(A), finding that his motion was timely under section 2244(d)(1)(D), just as he claimed all along. Mr. Dayley is in that same position.

This would also mean that the State's conclusion that tolling for Mr. Dayley's 3 state habeas actions under section 2244(d)(2) would be wrong, because Mr. Dayley's state habeas proceedings were filed within just 2 months of the triggering of the AEDPA clock under section 2244(d)(1)(D). Moreover, Mr. Dayley's federal section 2254 motion was filed just 2 months

2

after his state habeas proceedings were exhausted. All of Mr. Dayley's filings were well-within their deadlines, and his section 2254 motion is timely.

The State's erroneous focus on only section 2244(d)(1)(A) should be rejected by this Court, just as it did in Mendoza.

Alternatively, this Court could equitably toll the AEDPA clock for Mr. Dayley's motion, "[b]ecause § 2244(d) is not jurisdictional, [and] is subject to a rebuttal presumption in favor of equitable tolling." Lee v. Lampert, 653 F.3d 929, 933 (CA9 2011) (en banc) (emphasis in original). Equitable tolling could apply to Mr. Dayley's motion because he had raised a valid claim that this Circuit has granted on several occasions (See Brief in Support, pp. 19-22, for example cases), and he has acted with diligence once he did find out that his trial counsel had forfeited his right to effectively appeal because of counsel's errors.

In any event, Mr. Dayley's motion is timely under section 2244(d)(1)(D), as he thoroughly argued in his Brief in Support, and the State's contention otherwise asserting section 2244(d)(1)(A) is, at best, misplaced. The State's Motion to Dismiss should be denied.

3/19/15
Date

Bradley A. Dayley
Pro Se Petitioner
Reg. No. 66437-097
FCI Marianna
Inmate Legal Mail
PO Box 7007
Marianna, FL 32447-7007

Court's holding, which is "clearly established federal law." Williams v. Taylor, 529 U.S. 362, 412 (2000) (Supreme Court holdings are federal law).

## II. DISCUSSION

### A. Mr. Dayley's Motion is Timely Under Section 2244(d)(1)(D)

Mr. Dayley did not discover the "predicate fact" for his claim until he received his appeal papers from his family in October of 2013. This discovery starts the AEDPA clock under Section 2244(d)(1)(D).

#### 1. Initiating the Appeal

Mr. Dayley was transferred to various facilities, after he was sentenced in state court, so that he could also be sentenced in federal court. This was when Mr. Dayley's defense counsel was supposed to have filed the appeal notice, and when he was appointed appellate counsel. Mr. Dayley had to trust that these counsels would do their job and file the correct papers for his appeal. When he was notified that he was appointed appellate counsel, he assumed that appellate counsel would notify him when the appeal brief was filed. And he also assumed that defense counsel would properly initiate the appeal. Neither happened.

Appeals can take a while, especially when appellate counsel is faced with 65 counts, related state and federal charges, and 2 years of pretrial actions. So, when Mr. Dayley didn't hear anything from appellate counsel, he wasn't worried. As


EXHIBIT A-1

4. Calculating Mr. Dayley's Time

Mr. Dayley has acted with diligence and has not delayed his attempts to raise his claim. He could not have known that defense counsel failed to file the correct, required papers to initiate his state appeal. It is not Mr. Dayley's responsibility to babysit his lawyer to make sure he does this; it is defense counsel's "duty" to file the proper forms to initiate the appeal, so the Supreme Court says in Flores-Ortega. Once Mr. Dayley found out that his appeal was improperly initiated, he wasted no time researching the issue and promptly filing his habeas in state court.

The AEDPA clock under Section 2244(d)(1)(D) would have started in October of 2013, when Mr. Dayley's family got a hold of the appeal decision from the clerk. Before this time, Mr. Dayley assumed, and had to assume, that counsel had done his duty. He had no reason to think otherwise.

Mr. Dayley's state habeas proceedings began in January of 2014, and ended that September. It has been a little over a year since the discovery of the predicate fact supporting Mr. Dayley's claim, and with 8 months tolled during the state habeas proceedings, this Section 2254 motion is timely if it is filed before June 2015. But there's no reason to wait this long. Mr. Dayley simply wants to properly appeal his state judgment, including his plea, conviction, and sentence.

12


EXHIBIT A-2

CERTIFICATE OF SERVICE

I affirm, under the penalty of perjury pursuant to Title 28 U.S.C. § 1746, that a copy of the following was placed in the Federal Bureau of Prisons' legal mailbox system, with affixed first-class postage, and mailed to the State Attorney General's Office at PO Box 944255, Sacramento, CA 94244-2550, on the below date.

3/19/15
Date

Bradley A. Dayley
Pro Se Petitioner