UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY ALAN DAYLEY, | No. 2:14-cv-02691 MCE DB |
| Petitioner, | |
| v. | |
| WARDEN OF FCI MARIANNA, | ORDER |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent moved to dismiss this action. (ECF No. 11.) Petitioner opposes the motion to dismiss. (ECF No. 13.) Respondent filed a reply memorandum in support of the dismissal motion. (ECF No. 17.). Petitioner then filed a motion to strike respondent's reply for purportedly raising new arguments not addressed in the original motion. (ECF No. 18.) Respondent never responded to the motion to strike.

For the reasons stated below, the court denies petitioner's motion to strike.

Respondent's dismissal motion argues that the habeas petition is time-barred by the statute of limitations. (ECF No. 11.) In his opposition to the dismissal motion, petitioner argues that the statute of limitations was equitably tolled and that he was entitled to a later trigger date for the statute of limitations. (ECF No. 13.) In the reply memorandum, respondent addresses the arguments raised in the opposition. (ECF No. 17.) Petitioner argues that because he raised the

tolling and trigger date issues in his initial petition, respondent was obligated to address those matters in the initial motion or else waive argument on those issues altogether.  (ECF No. 13.)  Thus, from petitioner's perspective, respondent's reply addressing the trigger date and tolling issues constitutes an impermissible second dismissal motion raising new arguments.  The court disagrees.

Courts generally refuse to consider new arguments raised for the first time in a reply brief.  See State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990).  It is generally "improper for the moving party to . . . introduce new facts or different legal arguments in the reply brief [beyond] . . . [those that were] presented in the moving papers."  Ojo v. Farmers Grp., Inc., 565 F.3d 1175, 1186 (9th Cir. 2009) (citing William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial, § 12:107 (The Rutter Group 2005)).  This rule is designed to avoid unfairly depriving the opposing party of a response.  See Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1514 n.6 (9th Cir. 1994).

In this instance, however, respondent raised no new issues in the reply.  The reply memorandum merely reacted to petitioner's opposition which offered justifications concerning the statute of limitations.  It is not improper for a movant to fairly respond to the arguments raised in the response brief.  See Grange Ins. Ass'n v. Sran, --- F. Supp. 3d ---, No. 1:15-cv-00526-SAB, 2016 WL 2349179, *16 (E.D. Cal. May 4, 2016) (The plaintiff was merely responding to the arguments advanced by the defendant in his opposition, so the court found that plaintiff did not raise new arguments in the reply brief.); United States ex rel. Doe v. Biotronik, Inc., No. 2:09–cv–3617–KJM–EFB, 2015 WL 6447489, *2-3 (E.D. Cal. Oct. 23, 2015) (The court approved of a reply brief that fairly responded to the arguments in the response.)

Respondent maintains the same core argument throughout the motion and the reply: that petitioner's habeas claims are time-barred.  The fact that respondent addressed petitioner's justifications for the filing date is not the same as raising a new argument for dismissal.

////

////

////

Accordingly, the court ORDERS that petitioner's motion to strike the reply brief is denied.

Dated:  October 5, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:10
DLB1 / Prisoner - Habeas / dayl2691.mts